IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SANSONE GROUP LLC, )<br>)<br>BELVA RATLIFF, )<br>)<br>WALTER RATLIFF, )<br>)<br>GEORGE PENTON, )<br>)<br>AARION PENTON, and )<br>)<br>GEORGE PENTON, III )<br>)<br>Defendants. ) | No. 4:22-cv-929 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Depositors Insurance Company ("Nationwide"), by and through counsel and pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, states and alleges as follows for its Complaint for Declaratory Judgment:

### OVERVIEW

1. Nationwide seeks a declaration that it does not have a duty to defend or indemnify Sansone Group LLC ("Sansone") for claims against it related to a shooting that occurred on June 22, 2020, which are pending in the Circuit Court of Saint Louis County, Missouri in the action styled *Ratliff, et al. v. Mid-River Restaurant, LLC, et al.*, No. 20SL-CC04000 (the "Underlying Lawsuit").

2. As set forth more fully below, Nationwide has no a duty to defend or indemnify Sansone for the claims in the Underlying Lawsuit because Sansone is does not qualify as an insured under the insurance policy at issue.

3.     The insurance policy involved here is a Businessowners Policy issued to Mid River Restaurants, LLC ("Mid-River") under policy number ACP BPFD 3096940201 for the policy period of January 25, 2020, to January 25, 2021 (the "Policy").  A true and accurate copy of the Policy is attached and incorporated here by reference as Exhibit A.

## PARTIES, JURISDICTION, AND VENUE

4.     Nationwide is an Iowa company and maintains its principal place of business in Iowa.  It is a citizen of Iowa for the purposes of diversity jurisdiction.

5.     Sansone is a Missouri limited liability company .  Upon information and belief, each manager/member of Mid-River is a citizen of Missouri, and therefore Sansone is a citizen of Missouri for purposes of diversity jurisdiction.

6.     Belva Ratliff is domiciled in Missouri.  She is a citizen of Missouri for the purposes of diversity jurisdiction.

7.     Walter Ratliff is domiciled in Missouri.  He is a citizen of Missouri for the purposes of diversity jurisdiction.

8.     George Penton is domiciled in Missouri.  He is a citizen of Missouri for the purposes of diversity jurisdiction.

9.     Aarion Penton is domiciled in Missouri.  He is a citizen of Missouri for the purposes of diversity jurisdiction.

10.    George Penton, III is domiciled in Missouri.  He is a citizen of Missouri for the purposes of diversity jurisdiction.

11.    Belva Ratliff, Walter Ratliff, George Penton, Aarion Penton, and George Penton, III are referred to collectively as the "Wrongful Death Plaintiffs."

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this case involves a controversy between citizens of different states and the amount in

controversy exceeds $75,000.00, exclusive of interest and costs, as measured by the value of the policy and Sansone's asserted rights to defense and indemnity thereunder.

13. This Court has personal jurisdiction over the parties and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and(b)(2) in that all defendants reside in this judicial district, the Underlying Lawsuit is pending in this judicial district, and the acts giving rise to the claims in the Underlying Lawsuit occurred in this judicial district.

## UNDERLYING INCIDENT

14. St. John Investment Partners, LLC ("St. John") owns a shopping center called St. John's Crossings.

15. Sansone manages St. John's Crossings under a property management agreement with St. John.

16. Mid-River operates an Applebee's restaurant in St. John's Crossings under a lease agreement with St. John.

17. Mid-River does not have and never had a contract with Sansone.

18. On or about June 22, 2020, Courtney Washington shot and killed Kimberly Ratliff in the Applebee's restaurant at St. John's Crossings.

## UNDERLYING LAWSUIT

19. On August 3, 2020, the Wrongful Death Plaintiffs commenced a civil action in the Circuit of Saint Louis County, Missouri, styled *Ratliff et al. v. Mid-River Restaurant, LLC, et al.*, No. 20SL-CC04000.  A copy of the operative Petition (the "Petition"), filed August 3, 2020, is attached and incorporated here by reference as Exhibit B.

20. The Petition asserts claims for negligence and wrongful death against Sansone.

21. The Underlying Lawsuit remains pending.

## INSURANCE COVERAGE COMMUNICATIONS

22.     Sansone maintains that it is an "Automatic Additional Insured" under the Policy pursuant to the "Managers or Lessors of Leased Premises" and/or "Owners or Other Interest from Whom Land has been Leased" provisions of the Policy.

23.     Nationwide disclaimed coverage for Sansone for the Underlying Lawsuit under the Policy on several occasions, but most recently by letter dated September 6, 2022, explaining that Sansone is not an insured under the Policy because it does not have a contract with the named insured on the Policy, Mid-River

## THE POLICY

24.     Nationwide issued policy number ACP BPFD 3096940201 for the policy period of January 25, 2020, through January 25, 2021, to named insured Mid-River. Ex. A at 11.

25.     The Policy provides the following with respect to the qualification as an insured for purposes of the Policy's Premier Businessowners Liability Coverage:

### PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Please read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .

**II. WHO IS AN INSURED**
. . .

1.     If you are:
. . .
       **b.**     a limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

       . . .

5.     **Automatic Additional Insureds**

4

> Any of the following persons or organizations are automatically insureds when you and such person or organization have agreed in a written contract or agreement that such person or organization be added as an additional insured on your policy providing general liability coverage . . .
>
> ### e. Managers or Lessors of Leased Premises
>
> Any person or organization from whom you lease premises is an additional insured, but only with respect to their liability arising out of your use of that part of the premises leased to you . . .
>
> ### g. Owners or Other Interest from Whom Land has been Leased
>
> Any person or organization from whom you lease premises is an additional insured, but only with respect to their liability arising out of your maintenance or use of that part of the land leased to you . . .

Ex. A, 76-133.

## COUNT I
## PREMIER BUSINESSOWNERS LIABILITY COVERAGE

26. Nationwide incorporates each of the above allegations into this Count by reference as though fully set forth herein.

27. There is no potential coverage for Sansone under the Policy's Premier Businessowners Liability Coverage because it does not qualify as an insured.

28. Sansone is not a manager or member of Mid-River and did not have a written contract with Mid-River and, therefore, does not qualify as an insured for purposes of the Policy's Premier Businessowners Liability Coverage.

29. Thus, Nationwide has no duty to defend Sansone against the claims in the Underlying Lawsuit under the Policy's Premier Businessowners Liability Coverage.

5

30. Because Nationwide has no duty to defend, it has no duty to indemnify Sansone for the claims in the Underlying Lawsuit under the Policy's Premier Businessowners Liability Coverage.

31. Alternatively, even if Nationwide did have a duty to defend Sansone, it has no duty to indemnify Sansone for any judgment entered in the Underlying Lawsuit under the Policy's Premier Businessowners Liability Coverage because Sansone does not qualify as an insured.

32. Nationwide lacks an adequate remedy at law in part because, in the absence of declaratory relief, Nationwide is uncertain of whether it is necessary to further investigate the circumstances of the claims at issue in the Underlying Lawsuit in connection with Sansone's defense and/or potential liability.

33. Nationwide lacks an adequate remedy at law in part because, in the absence of declaratory relief, Nationwide is uncertain of whether to provide a defense to Sansone in the Underlying Lawsuit.

34. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth the rights, obligations and liabilities that exist between the parties in connection with the Policy.

35. Declaratory judgment also is the most efficient method for the resolution of the disputes among the parties

WHEREFORE, Nationwide respectfully requests that the Court enter judgment as follows:

    A.    Declaring that Nationwide has no duty under the Policy to defend or indemnify Sansone for the claims against it in the Underlying Lawsuit;

B.  Awarding Nationwide its attorneys' fees, costs and expenses incurred herein and such other and further monetary relief just and proper under the circumstances to the maximum extent allowed by law; and

C.  Awarding Nationwide such other and further non-monetary relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 6th day of September, 2022.

                Respectfully submitted,

                ARMSTRONG TEASDALE LLP

                By: */s/ Jonathan R. Shulan*
                Jonathan R. Shulan #65426
                Matthew H. Reh #49418
                7700 Forsyth Blvd., Suite 1800
                St. Louis, Missouri 63105
                Telephone: 314.621.5070
                Facsimile: 314.237.1535
                jshulan@atllp.com
                mreh@atllp.com

                Lauren Haley Navarro #68111
                2345 Grand Boulevard, Suite 1500
                Kansas City, Missouri 64108-2617
                816.221.3420  /  FAX 816.221.0786
                lnavarro@atllp.com

                **ATTORNEYS FOR PLAINTIFF DEPOSITORS INSURANCE COMPANY**