Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

**20SL-CC04000**

IN THE CIRCUIT COURT
COUNTY OF SAINT LOUIS, MISSOURI

| | |
|---|---|
| BELVA RATLIFF, WALTER RATLIFF, GEORGE PENTON, AARION PENTON, GEORGE PENTON III minor child by and through Next Friend George Penton, on behalf of themselves and all Wrongful Death Beneficiaries under RSMo. 537.080,<br><br>      Plaintiffs,<br>v.<br><br>MID-RIVER RESTAURANTS, LLC<br>*Serve At:*<br>*Brydon Registered Agent*<br>*312 E. Capitol Ave., PO BOX 456*<br>*Jefferson City, MO 65102*<br><br>&<br><br>BIG RIVER HOLDINGS, LLC<br>*Serve At:*<br>*David Paradise*<br>*296 Highland Blvd.*<br>*Natchez, MS 39122*<br><br>&<br><br>APPLEBEES INTERNATIONAL, INC.,<br>*Serve At:*<br>*CSC Lawyers Incorporating Service Co.*<br>*221 Bolivar St*<br>*Jefferson City, MO 65102*<br><br>&<br><br>ST. JOHN INVESTMENT PARTNERS, LLC<br>*Serve At:*<br>*Business Filings International, Inc.*<br>*120 S. Central Ave, Suite 400*<br>*St. Louis, MO 63105*<br><br>& | Cause No.<br><br>Div.<br><br>**JURY TRIAL DEMANDED** |

Exhibit B

Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

| | |
|---|---|
| SANSONE GROUP, LLC<br>*Serve at:*<br>*CT Corporation System*<br>*120 South Central, Suite 400*<br>*St. Louis, MO 63105*<br><br>&<br><br>COURTNEY WASHINGTON<br>*Serve at:*<br>*Courtney Washington – INMATE*<br>*St. Louis County Justice Center*<br>*Department of Justice Services*<br>*100 S. Central Ave*<br>*St. Louis, MO 63105*<br><br>          Defendants. | |

## **PETITION FOR DAMAGES FOR WRONGFUL DEATH**

COMES NOW PLAINTIFF Belva Ratliff, Walter Ratliff, George Penton, Aarion Penton, and George Penton III (by and through Next Friend George Penton), on behalf of themselves and all wrongful death beneficiaries under Missouri Revised Statutes Section 537.080 (collectively "Plaintiffs") for their Petition for Damages against Defendants and state as follows:

1. Plaintiffs Belva and Walter Ratliff are the natural parents of Kimberly Ratliff-Penton (hereinafter referred to as "Decedent"). Plaintiffs Belva and Walter Ratliff reside in St. Louis County, Missouri.

2. Decedent was the mother of two children:

    a. Aarion Penton (over 18 years old); and

    b. George Penton III (10 years old)

3. Plaintiff George Penton is the surviving spouse of Decedent and father of Aarion Penton and George Penton III. George Penton is a resident of St. Louis County, Missouri.

2

Exhibit B

4.      George Penton III is a minor Plaintiff, under 14 years of age, with a duly appointed Next Friend (his natural father – George Penton) for purposes of pursuing this action on George Penton III's behalf. George Penton III resides in St. Louis County, State of Missouri.

5.      Plaintiff Aarion Penton is the biological child of Decedent. Aarion Penton is a resident of St. Louis County, Missouri.

6.      Belva Ratliff, Walter Ratliff, George Penton, George Penton III, and Aarion Penton are all wrongful death beneficiaries under Missouri law.

7.      Decedent was killed on June 22, 2020 at Applebee's Neighborhood Bar & Grill ("Applebee's) located at 9090 St. Charles Rock Road, St. Louis, Missouri 63114, which is located in Saint Louis County, Missouri.

8.      On the date of Decedent's death, Defendant Courtney Washington ("Washington") was a resident of St. Louis County, Missouri.

9.      At all relevant times herein, Defendant Mid-River Restaurants LLC ("Mid-River") was a business organized and existing under the laws of Missouri. Mid-River owned, operated, and managed the Applebee's. Mid-River employs numerous persons to work at/for the Applebee's.

10.     At all relevant times herein, Defendant Big River Holdings LLC ("Big River") was a corporation located in Natchez, Mississippi. Big River owned, operated, and managed the Applebee's. Big River employs numerous persons to work at/for the Applebee's.

11.     At all relevant times herein, Defendant Applebee's International, Inc. ("A-INC") was a corporation with corporate headquarters in Glendale, California. A-INC is registered with the State of Missouri to conduct and operate business within the State of Missouri. A-INC owns, operates, manages, and/or supervises the operation of the Applebee's. A-INC employs numerous persons to work at/for the Applebee's.

Exhibit B

Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

12. At all relevant times herein, Defendant St. John Investment Partners, LLC ("SJIP") was a corporation conducting business in St. Louis County, Missouri and owns/owned the premises at 9090 St. Charles Rock Road, St. Louis, MO 63114, which is where the Applebee's is located, and also the parking lot area.

13. At all relevant times herein, Defendant SJIP was in control and/or owned the premises at 9090 St. Charles Rock Road, including the parking lot of the Applebee's and of the surrounding area which is "St. John Crossings". St. John Crossings is a strip mall / shopping center with numerous businesses and a large parking lot area for invitees, such as Decedent.

14. St. John Crossings spans from 9000 St. Charles Rock Road to 9090 St. Charles Rock Road. Defendant SJIP is the owner of the St. John Crossings property.

15. At all relevant times herein, Defendant Sansone Group, LLC ("Sansone") was a corporation organized and existing under the laws of the State of Missouri. Sansone is the property management company for St. John Crossings and exercised substantial control over the premises.

16. At all relevant times, Defendants Sansone, SJIP, Mid-River, Big River, and/or A-INC were in substantial control of the premises at 9090 St. Charles Rock Road and/or the Applebee's.

17. From June 22, 2018 to June 22, 2020, St. John Crossings was the location of numerous similarly violent and/or dangerous incidents, including larcenies, robberies, fights, assaults, disturbances, shootings, suspicious person police calls, suspicious vehicle police calls, destruction of property, drug offenses, and weapons offenses.

18. From June 22, 2018 to June 22, 2020, Applebee's / 9090 St. Charles Rock Road was the location of numerous similarly violent and/or dangerous incidents, including larcenies,

Exhibit B

disturbances, fights, domestic violence, robberies, assaults, destruction of property, suspicious/drunk/disturbed person police calls, and weapons offenses.

19. On June 22, 2020, Defendants Sansone, SJIP, Big River, Mid-River, and/or A-INC were on notice and had a duty to provide adequate security for invitees.

20. Prior to shooting invitees in the Applebee's, including Decedent, Defendant Washington walked through the St. John Crossings / Applebee's parking lot with a firearm in plain sight and/or exhibiting it in an angry and/or threatening manner.

21. Defendants Sansone, SJIP, Big River, Mid-River, and/or A-INC did not have adequate security in the parking lot area nor inside the Applebee's.

22. While Defendant Washington was walking through the parking lot with the firearm and prior to the beginning of the shootings, there was sufficient time to prevent Washington's attack if adequate security was present.

23. Defendants Sansone, Big River, Mid-River, SJIP, and/or A-INC are vicariously liable, by nature of agency and/or respondeat superior, for the acts and omissions of the employees working at the Applebee's during the incident.

24. All Defendants are jointly and severally liable for Plaintiffs' damages.

25. Jurisdiction and venue is proper in this Court.

**COUNT I – NEGLIGENT SECURITY AGAINST DEFENDANTS SANSONE, BIG RIVER, MIDRIVER, SJIP, AND A-INC**

26. Plaintiff hereby reasserts all prior allegations of this Petition as if fully contained herein.

27. On June 22, 2020, Washington was a customer of the Applebee's.

28. On June 22, 2020, Decedent was a customer of the Applebee's and an invitee under the law.

Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

Exhibit B

Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

29. On June 22, 2020, Decedent was an invitee at St. John Crossings.

30. On June 22, 2020, prior to the shooting at the Applebee's, Washington was behaving in one or more of the following ways for approximately forty to sixty minutes:

    a. Erratic;

    b. Irrational;

    c. Mentally Disturbed;

    d. Dangerous;

    e. Violent; and

    f. Threatening.

31. Upon information and belief, prior to June 22, 2020, Washington was known by Defendants Sansone, Mid-River, Big River, SJIP, and/or A-INC (and their respective employees) to have a dangerous criminal history with a propensity for committing dangerous/violent conduct.

32. On June 22, 2020, after continued concerning behavior, Washington told the employees of Defendant Mid-River, Big River, SJIP, and/or A-INC that he was going to harm people. Washington then walked out of the restaurant, went to his car, retrieved a firearm, came back inside the restaurant, made more verbal threats, and then began shooting customers, including Decedent.

33. Despite Washington's behavior, employees of Defendants Mid-River, Big River, SJIP, and/or A-INC did not provide adequate security to invitees and did not notify law enforcement until well after the shooting occurred.

34. Defendants Sansone, Big River, Mid-River, SJIP, and/or A-INC knew, or should have known, that Washington was a dangerous person based on (1) previous interactions with him,

Exhibit B

(2) the interactions prior to the shooting on June 22, 2020, (3) information told to them, and/or (4) Washington's criminal record.

35. Defendants Sansone, Big River, Mid-River, SJIP, and/or A-INC knew, or should have known, that the Applebee's and/or the premises at 9090 St. Charles Rock Road was the location of numerous other dangerous and/or violent incidents in the past.

36. Defendants Big River, Mid-River, SJIP, and/or A-INC knew, or should have known, that the area the Applebee's was located in, including the entire St. John Crossings, was the subject of similar dangerous and/or violent incidents in the past.

37. If adequate security measures were been present, there was sufficient time to protect Decedent from Washington's attack and/or prevent the attack.

38. Defendants Sansone, Big River, Mid-River, SJIP, and/or A-INC failed to provide adequate security measures at the Applebee's for invitees such as Decedent.

39. Defendants Sansone, Big River, Mid-River, SJIP, and/or A-INC had a duty to provide adequate security for invitees, including Decedent, at the Applebee's and/or St. John Crossings due to one or more of the following reasons:

   a. The presence of a known dangerous third person on the premises (Defendant Washington); and

   b. The past history of similar dangerous and/or violent incidents at the Applebee's, premises at 9090 St. Charles Rock Road and/or the entire St. John Crossings area.

40. Defendants Sansone, Big River, Mid-River, SJIP, and/or A-INC had a duty to provide adequate security for invitees, including Decedent, in the parking lot area at the Applebee's and St. John Crossings due to one or more of the following reasons:

Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

Exhibit B

Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

    a. The presence of a known dangerous third person on the premises (Defendant Washington); and

    b. The past history of similar dangerous and/or violent incidents at the Applebee's, premises at 9090 St. Charles Rock Road and/or the entire St. John Crossings area.

41. Defendants Sansone, Big River, Mid-River, SJIP, and/or A-INC breached their duty of care to Decedent in one or more of the following ways:

    a. Failing to warn Decedent of Washington;

    b. Failing to warn Decedent of the past violent and dangerous incidents at and/or near the Applebee's and/or St John Crossings;

    c. Failing to provide adequate security measures; and

    d. Failing to timely notify/call law enforcement.

42. As the direct and proximate cause of Defendant Sansone, Big River, Mid-River, SJIP and/or A-INC's conduct, Decedent was violently murdered at the Applebee's.

43. As a direct and proximate cause of Defendant Sansone, Big River, Mid-River, SJIP, and/or A-Inc's conduct, Plaintiffs have suffered damages, including:

    a. The loss of consortium, companionship, services, comfort, instruction, guidance, counsel, training, and support from Decedent;

    b. Loss of physical, emotional, and psychological relationship with Decedent;

    c. Funeral and burial expenses; and/or

    d. Damages, pain and suffering, suffered by the Decedent between the time of her injuries to her death

Exhibit B

Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

44. Defendant Sansone, Big River, Mid-River, SJIP, and/or A-INC's willful misconduct, indifference to consequences, recklessness and/or wantonness entitles Plaintiffs to an award against Defendants for aggravating circumstances damages.

WHEREFORE Plaintiffs respectfully request judgment in their favor and against Defendants Sansone, Big River, Mid-River, SJIP, and A-INC, jointly and severally, in accordance with RSMo. 537.080 and RSMo. 537.090, for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest and post-judgment interest, aggravating damages against Defendants, for their costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

**COUNT II – ASSAULT/BATTERY AGAINST DEFENDANT WASHINGTON**

45. Plaintiff hereby reasserts all prior allegations of this Petition as if fully contained herein.

46. Defendant Washington intentionally, unlawfully, and unjustifiably shot Decedent one or more times.

47. As a direct and proximate cause of Washington's conduct, Decedent died.

48. As a direct and proximate cause of Washington's conduct, Plaintiffs have suffered damages, including:

   a. The loss of consortium, companionship, services, comfort, instruction, guidance, counsel, training, and support from Decedent;

   b. Loss of physical, emotional, and psychological relationship with Decedent;

   c. Funeral and burial expenses; and/or

   d. Damages, pain and suffering, suffered by the Decedent between the time of her injuries to her death

Exhibit B

Electronically Filed - St Louis County - August 03, 2020 - 08:57 AM

49. Defendant Washington's willful misconduct, indifference to consequences, recklessness, and/or wantonness subjects Plaintiffs to an award against Washington for aggravating circumstances damages.

WHEREFORE Plaintiffs respectfully request judgment in their favor and against Defendant Washington, jointly and severally with the other Defendants, in accordance with RSMo. 537.080 and RSMo. 537.090, for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for pre-judgment interest and post-judgment interest, aggravating damages against Defendant, for their costs herein incurred and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

**THE O'BRIEN LAW FIRM, PC**

BY: /S/ Grant C. Boyd
Grant C. Boyd #67362
Thomas L. Stewart #36173
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com

**ROSENBLUM SCHWARTZ & FRY, P.C.**

By: /s/ N Scott Rosenblum
N. Scott Rosenblum, #33390
Cole W. Rosenblum, #72098
120 S. Central Avenue, Ste. 130
St. Louis, MO 63105
srosenblum@rsflawfirm.com
crosenblum@rsflawfirm.com
(314) 862-4332
(314) 862-8050

*Attorneys for Plaintiffs*

Exhibit B