IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

DEPOSITORS INSURANCE COMPANY,

    Plaintiff,

vs.

SANSONE GROUP LLC,
BELVA RATLIFF,
WALTER RATLIFF,
GEORGE PENTON,
AARION PENTON, and
GEORGE PENTON, III,

    Defendants.

Case No. 4:22-cv-00929-AGF
Hon. Audrey G. Fleissig

## DEFENDANT SANSONE GROUP LLC'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Sansone Group LLC ("Sansone"), by and through its attorneys, Collins Einhorn Farrell PC, for its Answer to Plaintiff's Complaint for Declaratory Judgment, states as follows:

### OVERVIEW

1.    Nationwide seeks a declaration that it does not have a duty to defend or indemnify Sansone Group LLC ("Sansone") for claims against it related to a shooting that occurred on June 22, 2020, which are pending in the Circuit Court of Saint Louis County, Missouri in the action styled Ratliff, et al. v. Mid-River Restaurant, LLC, et al., No. 20SL-CC04000 (the "Underlying Lawsuit").

**RESPONSE:**

**These allegations set forth legal conclusions, legal discussion and Plaintiff's characterization of the action, to which no answer is required. To the extent an answer is required, Sansone admits that Nationwide seeks declaratory relief, but denies that Nationwide is entitled to such a declaration.**

2.     As set forth more fully below, Nationwide has no a duty to defend or indemnify Sansone for the claims in the Underlying Lawsuit because Sansone is does not qualify as an insured under the insurance policy at issue.

**RESPONSE:**

**Sansone denies the allegations contained in paragraph 2.**

3.     The insurance policy involved here is a Businessowners Policy issued to Mid River Restaurants, LLC ("Mid-River") under policy number ACP BPFD 3096940201 for the policy period of January 25, 2020, to January 25, 2021 (the "Policy"). A true and accurate copy of the Policy is attached and incorporated here by reference as Exhibit A.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 3.**

### PARTIES, JURISDICTION, AND VENUE

4.     Nationwide is an Iowa company and maintains its principal place of business in Iowa. It is a citizen of Iowa for the purposes of diversity jurisdiction.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 4.**

5. Sansone is a Missouri limited liability company. Upon information and belief, each manager/member of Mid-River is a citizen of Missouri, and therefore Sansone is a citizen of Missouri for purposes of diversity jurisdiction.

**RESPONSE:**

**Sansone admits the allegations contains in paragraph 5.**

6. Belva Ratliff is domiciled in Missouri. She is a citizen of Missouri for the purposes of diversity jurisdiction.

**RESPONSE:**

**Sansone neither admits nor denies the allegations contained in paragraph 6 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

7. Walter Ratliff is domiciled in Missouri. He is a citizen of Missouri for the purposes of diversity jurisdiction.

**RESPONSE:**

**Sansone neither admits nor denies the allegations contained in paragraph 7 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

8. George Penton is domiciled in Missouri. He is a citizen of Missouri for the purposes of diversity jurisdiction.

**RESPONSE:**

**Sansone neither admits nor denies the allegations contained in paragraph 8 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

9. Aarion Penton is domiciled in Missouri. He is a citizen of Missouri for the purposes of diversity jurisdiction.

RESPONSE:

**Sansone neither admits nor denies the allegations contained in paragraph 9 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

10. George Penton, III is domiciled in Missouri. He is a citizen of Missouri for the purposes of diversity jurisdiction.

**RESPONSE:**

**Sansone neither admits nor denies the allegations contained in paragraph 10 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

11. Belva Ratliff, Walter Ratliff, George Penton, Aarion Penton, and George Penton, III are referred to collectively as the "Wrongful Death Plaintiffs."

**RESPONSE:**

**Sansone admits only that Nationwide is referring to Belva Ratliff, Walter, George Penton, Aarion Penton and George Penton, III as the "Wrongful Death Plaintiffs" in this pleading.**

4

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this case involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as measured by the value of the policy and Sansone's asserted rights to defense and indemnity thereunder.

**RESPONSE:**

**Sansone does not contest jurisdiction.**

13. This Court has personal jurisdiction over the parties and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and(b)(2) in that all defendants reside in this judicial district, the Underlying Lawsuit is pending in this judicial district, and the acts giving rise to the claims in the Underlying Lawsuit occurred in this judicial district.

**RESPONSE:**

**Sansone does not contest jurisdiction.**

## UNDERLYING INCIDENT

14. St. John Investment Partners, LLC ("St. John") owns a shopping center called St. John's Crossings.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 14.**

15. Sansone manages St. John's Crossings under a property management agreement with St. John.

**RESPONSE:**

5

**Sansone admits the allegations contained in paragraph 15.**

16.     Mid-River operates an Applebee's restaurant in St. John's Crossings under a lease agreement with St. John.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 16.**

17.     Mid-River does not have and never had a contract with Sansone.

**RESPONSE:**

**Sansone admits only that it didn't directly enter into a written contract with Mid-River.**

18.     On or about June 22, 2020, Courtney Washington shot and killed Kimberly Ratliff in the Applebee's restaurant at St. John's Crossings.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 18.**

## UNDERLYING LAWSUIT

19.     On August 3, 2020, the Wrongful Death Plaintiffs commenced a civil action in the Circuit of Saint Louis County, Missouri, styled Ratliff et al. v. Mid-River Restaurant, LLC, et al., No. 20SL-CC04000. A copy of the operative Petition (the "Petition"), filed August 3, 2020, is attached and incorporated here by reference as Exhibit B.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 19.**

20. The Petition asserts claims for negligence and wrongful death against Sansone.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 20 and further answers that the Petition is in writing and speaks for itself.**

21. The Underlying Lawsuit remains pending.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 21.**

### INSURANCE COVERAGE COMMUNICATIONS

22. Sansone maintains that it is an "Automatic Additional Insured" under the Policy pursuant to the "Managers or Lessors of Leased Premises" and/or "Owners or Other Interest from Whom Land has been Leased" provisions of the Policy.

**RESPONSE:**

**Sansone admits that it is entitled to a defense and indemnity as an additional insured and as a contractual indemnitee of Mid-River under the Policy.**

23. Nationwide disclaimed coverage for Sansone for the Underlying Lawsuit under the Policy on several occasions, but most recently by letter dated September 6, 2022, explaining that Sansone is not an insured under the Policy because it does not have a contract with the named insured on the Policy, Mid-River.

**RESPONSE:**

**Sansone admits that Nationwide has denied it coverage for the Underlying Lawsuit.**

7

# THE POLICY

24. Nationwide issued policy number ACP BPFD 3096940201 for the policy period of January 25, 2020, through January 25, 2021, to named insured Mid-River. Ex. A at 11.

**RESPONSE:**

**Sansone admits the allegations contained in paragraph 24.**

25. The Policy provides the following with respect to the qualification as an insured for purposes of the Policy's Premier Businessowners Liability Coverage:

**PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Please read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .

**II. WHO IS AN INSURED**
. . .

1.  If you are:
    . . .
**b.** a limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers
are insureds, but only with respect to their duties as your managers.

. . .

**5.    Automatic Additional Insureds**

Any of the following persons or organizations are automatically insureds when you and such person or organization have agreed in a written contract or agreement that such person or organization be

8

> added as an additional insured on your policy providing general liability coverage . . .
>
> ### e. Managers or Lessors of Leased Premises
>
> Any person or organization from whom you lease premises is an additional insured, but only with respect to their liability arising out of your use of that part of the premises leased to you . . .
>
> ### g. Owners or Other Interest from Whom Land has been Leased
>
> Any person or organization from whom you lease premises is an additional insured, but only with respect to their liability arising out of your maintenance or use of that part of the land leased to you . . .

Ex. A, 76-133.

**RESPONSE:**

**Sansone admits only that the Policy contains the language quoted in paragraph 25.**

# COUNT I
## PREMIER BUSINESSOWNERS LIABILITY COVERAGE

26. Nationwide incorporates each of the above allegations into this Count by reference as though fully set forth herein.

**RESPONSE:**

**Sansone incorporates by reference the responses contained in paragraphs 1 through 25 of this Answer as though fully stated here.**

27. There is no potential coverage for Sansone under the Policy's Premier Businessowners Liability Coverage because it does not qualify as an insured.

**RESPONSE:**

**Sansone denies the allegations contained in paragraph 27.**

28. Sansone is not a manager or member of Mid-River and did not have a written contract with Mid-River and, therefore, does not qualify as an insured for purposes of the Policy's Premier Businessowners Liability Coverage.

**RESPONSE:**

**Sansone admits only that it is not a manager or member of Mid-River and that it did not directly contract with Mid-River. Sansone denies the remaining allegations contained in paragraph 28.**

29. Thus, Nationwide has no duty to defend Sansone against the claims in the Underlying Lawsuit under the Policy's Premier Businessowners Liability Coverage.

**RESPONSE:**

**Sansone denies the allegations contained in paragraph 29.**

30. Because Nationwide has no duty to defend, it has no duty to indemnify Sansone for the claims in the Underlying Lawsuit under the Policy's Premier Businessowners Liability Coverage.

**RESPONSE:**

**Sansone denies the allegations contained in paragraph 30.**

31. Alternatively, even if Nationwide did have a duty to defend Sansone, it has no duty to indemnify Sansone for any judgment entered in the Underlying Lawsuit under the Policy's Premier Businessowners Liability Coverage because Sansone does not qualify as an insured.

**RESPONSE:**

**Sansone denies the allegations contained in paragraph 31.**

32. Nationwide lacks an adequate remedy at law in part because, in the absence of declaratory relief, Nationwide is uncertain of whether it is necessary to further investigate the circumstances of the claims at issue in the Underlying Lawsuit in connection with Sansone's defense and/or potential liability.

**RESPONSE:**

**Sansone neither admits nor denies the allegations contained in paragraph 32 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

33. Nationwide lacks an adequate remedy at law in part because, in the absence of declaratory relief, Nationwide is uncertain of whether to provide a defense to Sansone in the Underlying Lawsuit.

**RESPONSE:**

**Sansone neither admits nor denies the allegations contained in paragraph 33 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

34. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth the rights, obligations and liabilities that exist between the parties in connection with the Policy.

**RESPONSE:**

**Sansone neither admits nor denies the allegations contained in paragraph 34 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

35.  Declaratory judgment also is the most efficient method for the resolution of the disputes among the parties.

**RESPONSE:**

**Sansone neither admits nor denies the allegations contained in paragraph 35 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.**

WHEREFORE, Defendant Sansone Group LLC respectfully requests that this Court deny the relief requested in Plaintiff's Complaint and declare that Sansone is entitled to a defense and indemnity by Plaintiff for the underlying lawsuit. Defendant Sansone Group LLC further requests any and all other relief to which it is entitled, including costs and attorney fees as well as any other relief to which it is entitled under equity and law.

                        COLLINS EINHORN FARRELL PC

BY:   *s/ Nicole E. Wilinski*
       Nicole E. Wilinski (P61904)
       Attorney for Sansone Group LLC
       4000 Town Center, 9th Floor
       Southfield, MI  48075
       (248) 355-4141
       nicole.wilinski@ceflawyers.com

Dated: January 3, 2023

## SANSONE'S AFFIRMATIVE AND OTHER DEFENSES

Sansone Group, LLC identifies the following affirmative and/or other defenses upon which it may rely, in whole or in part:

1. Sansone is entitled to a defense and indemnity under insurance policy number ACP BPFD 3096940201 for the policy period of January 25, 2020, through January 25, 2021, issued by Nationwide to named insured Mid-River.

2. Sansone qualifies as an additional insured under the Nationwide Policy.

3. Sansone also qualifies as an indemnitee of Mid-River. Mid-River's defense and indemnity obligations to Sansone are covered under the Nationwide Policy.

4. Nationwide has breached its duty to defend Sansone.

5. Sansone's liability in the underlying action arises out of Nationwide's insured's (Mid-River) use of leased property managed by Sansone.

6. Nationwide's obligations to Mid-River arising from Mid-River's indemnity obligations are primary to any obligation of Sansone's other insurers.

7. Sansone reserves the right to add such other affirmative defenses as become apparent through discovery or otherwise.

WHEREFORE, Defendant Sansone Group LLC respectfully requests that this Court deny the relief requested in Plaintiff's Complaint and declare that Sansone is entitled to a defense and indemnity by Plaintiff for the underlying lawsuit. Defendant Sansone Group LLC further requests any and all other relief to which it is entitled,

including costs and attorney fees as well as any other relief to which it is entitled under equity and law.

COLLINS EINHORN FARRELL PC

BY: *s/ Nicole E. Wilinski*
Nicole E. Wilinski (P61904)
Attorney for Sansone Group LLC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
nicole.wilinski@ceflawyers.com

Dated: January 3, 2023

**PROOF OF SERVICE**

I hereby certify that on January 3, 2023, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

COLLINS EINHORN FARRELL PC

BY: *s/ Nicole E. Wilinski*
Nicole E. Wilinski (P61904)
Attorney for Sansone Group LLC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
nicole.wilinski@ceflawyers.com