UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SANSONE GROUP LLC, et al., )<br>)<br>Defendants. ) | Case No. 4:22-cv-00929-AGF |

## MEMORANDUM AND ORDER

This action for declaratory judgment in connection with an insurance dispute is before the Court on the motion of Defendants Walter Ratliff, Belva Ratliff, Aarion Penton, George Penton, and George Penton III (collectively, the "Ratliff Defendants") for joinder of Mid River Restaurants LLC ("Mid River") as a Defendant. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff Depositors Insurance Company ("Depositors") filed this declaratory judgment action seeking a declaration that it has no duty to defendant or indemnify Defendant Sansone Group LLC ("Sansone")[1] for claims in an underlying wrongful death lawsuit ("Underlying Lawsuit") that the Ratliff Defendants filed against Sansone and Mid River in state court. The Underlying Lawsuit relates to a June 22, 2022 shooting at an Applebee's restaurant.

---

[1] Sansone has not joined the Ratliff Defendants' motion for joinder.

Depositors alleges in this action that it issued an insurance policy to Mid River as the named insured and that it is defending Mid River in the Underlying Lawsuit, but that Sansone is not covered under the policy because it does not qualify as an insured under the policy. Depositors has named Sansone and the Ratliff Defendants as Defendants in this declaratory judgment action, but it has not named Mid River as a Defendant.

The Ratliff Defendants argue that joinder of Mid River in this declaratory judgment action is required under Federal Rule of Civil Procedure 19(a)(1) because, in Mid River's absence, the Court cannot accord complete relief among the existing parties and because Mid River claims an interest relating to the subject of this action and is so situated that disposing of this action in Mid River's absence may impair or impede Mid River's ability to protect its financial or contractual interests, or would otherwise subject the named Defendants to a substantial risk of inconsistent obligations. Alternatively, the Ratliff Defendants argue that joinder should be permitted under Rule 20 .

Depositors opposes the joinder, arguing that the Ratliff Defendants' bare-boned motion, which cites no caselaw, does not establish that joinder is either required or should be permitted here. The Ratliff Defendants have not filed a reply, and the time to do so has passed.

## DISCUSSION

Rule 19 provides:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

      (A) in that person's absence, the court cannot accord complete relief among existing parties; or

      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      (i) as a practical matter impair or impede the person's ability to protect the interest; or

      (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Ratliff Defendants have not explained why Mid River is a required party under this Rule or cited any legal authority in support of their position. And, as Depositors correctly notes, the caselaw addressing joinder in this context suggests that joinder is not required. *See, e.g.*, State ex rel. Emcasco Ins. Co. v. Rush, 546 S.W.2d 188, 197 (Mo. App. 1977) (holding under Missouri's counterpart to Rule 19 that "a named insured is neither a 'necessary' nor 'indispensable' party to a declaratory judgment proceeding where the insurer does not deny coverage to its insured and affords, under its policy, a defense to the insured against claims by third parties," but the insurer merely contests whether a putative additional insured is also entitled to coverage).

    Depositors is undisputedly already providing defense to Mid River, and the Ratliff Defendants have simply offered no explanation why complete relief could not be afforded among the existing parties without Mid River's participation; how Mid River's rights would be impacted by any determination of whether Sansone is entitled to coverage as an additional insured; or how Mid River's absence would affect the rights or obligations of the Ratliff Defendants or Sansone.

3

Likewise the Ratliff Defendants have not established that permissive joinder under Rule 20 is warranted. Rule 20 provides that persons may be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Depositors has not asserted any right to relief against Mid River, and aside from quoting Rule 20 near verbatim, the Ratliff Defendants have not explained or provided any authority as to why permissive joinder is appropriate here.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Walter Ratliff, Belva Ratliff, Aarion Penton, George Penton, and George Penton III's motion for joinder of Mid River Restaurants LLC as Defendant is **DENIED**. ECF No. 23.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2023.

4